101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alfonso SOTO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1885.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1996.*
Decided Nov. 12, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Alfonso Soto, contesting under 28 U.S.C. § 2255 his conviction for conspiracy and possession with intent to distribute cocaine, asserts that he suffered ineffective assistance of counsel because his trial counsel labored under an actual conflict of interest before and during his trial. The district court denied his motion, and Soto appealed. We affirm.
 
 
 2
 Soto, whose conviction was affirmed on direct appeal by this court, United States v. Zafiro, 945 F.2d 881 (7th Cir.1991), and by the Supreme Court, Zafiro v. United States, 506 U.S. 534 (1993), claims that because his trial counsel was paid by one of his co-defendants, Garcia, counsel acted under a conflict of interest such to deprive Soto of his constitutional right to the effective assistance of counsel. An actual conflict of interest may deprive a criminal defendant of his right to counsel, Cuyler v. Sullivan, 446 U.S. 335, 348 (1980), but Soto's allegations fail to establish such a conflict.
 
 
 3
 Because Soto failed to object at trial, in order to show that his attorney's conflict of interest violated his Sixth Amendment right to counsel Soto must show that an actual conflict of interest existed and that it caused an adverse effect on his attorney's performance. Id.; Griffin v. McVicar, 84 F.3d 880, 886-87 (7th Cir.1996).
 
 
 4
 Soto's claims, however, are too speculative to establish that counsel had an actual conflict of interest. The fact that Garcia paid Soto's counsel does not automatically mean counsel owed loyalty to Garcia, especially where, as Soto alleges, counsel was paid in full before the beginning of trial. Soto relies heavily upon the fact that Garcia told counsel that he would pay for an appeal for Soto if that became necessary, but finding that such a contingent financial arrangement gave counsel a conflict of interest would disqualify any attorney who expected to be retained for appeal upon his client's conviction. Soto's further contention that counsel hoped to represent Garcia on appeal (Garcia intimated that he himself might retain Soto's attorney if he were convicted) is even more speculative, besides tending to indicate that counsel would have an incentive to impress Garcia with his advocacy on his client's (Soto's) behalf as well as to get Garcia convicted (ensuring the need for an appeal).
 
 
 5
 The record clearly shows that Soto is not entitled to relief, and so the district court did not err in failing to hold an evidentiary hearing on the claim. Dugan v. United States, 18 F.3d 460, 464 (7th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)